## SOWLES v. FIRST NAT. BANK OF PLATTSBURG et al.

### (Circuit Court, D. Vermont. June 9, 1904.)

1. NOTES—OBLIGATION OF SURETY—RELEASE.

Plaintiff, who was surety for her father on certain notes payable to defendant bank, agreed to become surety on four new notes, and to pay $200 in money in consideration of her discharge from further liability. A note on which plaintiff. was liable, not then due, was not noticed when this arrangement was made, and on its maturity the bank commenced suit thereon against plaintiff; but plaintiff claimed that the bringing of suit on such note was a fraud, and released her from liability on the other notes. The bank thereupon surrendered the note and gave up all

130 F.—64

claim to recover thereon. *Held*, that the surrender of such notes cured the act of the bank in attempting to collect it in so far as it tended to show a violation of the previous agreement.

2. SAME—COLLECTIONS—FEES.

A bank holding a judgment agreed to pay plaintiff one-half of anything she could collect thereon, and after suit brought and attachments levied the bank caused the same to be dismissed, and settled with the judgment debtor for an amount much less than the face of the judgment. In a suit to recover plaintiff's proportion of the amount due on such judgment there was no testimony tending to show that the debtor owned any particular property or credits which would be covered by the attachment liens except the mere opinion of plaintiff's father that the debtor had inherited from his father's estate more than sufficient to pay the judgment. *Held*, that plaintiff was only entitled to recover one-half of the amount for which the claim was settled by the bank.

In Equity.

Edward A. Sowles and Eleazer L. Waterman, for plaintiff.

Fuller C. Smith and C. J. Vert, for defendant bank.

WHEELER, District Judge. The plaintiff is the daughter of the defendants Edward A. Sowles and Margaret B. Sowles. The defendant recovered judgment in a state court against one D. Noyes Burton and the defendant Edward A. Sowles at the September term, 1887, for $2,949.17 damages and $48.10 costs, which, as between Sowles and Burton, it belonged to Burton to pay, and of which the bank was informed. In August, 1895, Sowles was at the bank, and this was alluded to, and question made by the bank as to whether the judgment was good, and Sowles informed the bank that he thought it could be collected of Burton. They said he might have one-half of all he could collect. He said that, being the defendant, he could not make such an arrangement, but his daughter could, and he would make it for her, to which the bank assented; and pursuant to the arrangement a suit was immediately brought, returnable to the next term of the same court on the judgment by writ of attachment and trustee process. It was served on the trustees, attaching any credits of Burton in their hands, and by attaching all the real estate in the towns of Swanton, Highgate, St. Albans, and Burlington, and all the hay and straw and grain in the barns and stacks on certain farms in Swanton, Highgate, and St. Albans, and the suit was entered in court, and continued from term to term. The defendant Edward A. Sowles was indebted to the bank on various notes for $4,684.13, overdue, on which the plaintiff was a surety for $2,564.13, and for a note not due, on which the plaintiff was a surety for $377.35. In April, 1897, by arrangement between Edward A. Sowles and the bank, the plaintiff became surety on four new notes of $800, due, respectively, in 6, 12, 18, and 24 months, and paid the bank $200 in money, and the plaintiff was thereupon discharged from further liability. The note of $377.35, not due, was not noticed when the arrangement was made, and when it became due it was not paid, and the bank commenced suit upon it against the plaintiff. She claimed that this was a fraud upon her, and denied her liability, and made defense to the suit. The bank learned of the suit against the defendant Sowles and D. Noyes Burton, discharged the counsel who brought the suit pursuant to the claim mentioned, and caused it to be

discontinued on payment by Burton to the bank of $300. The plaintiff claims that one-half of what might have been collected against Burton under the arrangement would nearly or quite extinguish the notes, and has brought this suit to prevent collecting so much of these notes as that one-half would pay; that the attempt to enforce the note of $377.35 was such a fraud as to release her from paying the four notes of $800 each. The bank has since surrendered that note and all claim to recover upon it, and on the whole it is considered that there was not such fraudulent attempt to collect it as would vitiate the transaction. If the transaction was set aside, she would be left liable on the old notes, which amounted to within $258.77 of the new notes, and which, by the prior arrangement, she would have to pay. The giving up of the note not due seems to cure all the difficulty growing out of the attempt to collect it.

The question remains as to the right of the plaintiff to one-half of what was collected of D. Noyes Burton, or that might have been collected in the suit brought on the judgment. That such an arrangement was made is testified to by the defendant Edward A. Sowles, and he is corroborated by the testimony of the attorney who brought the suit, and by its being at first repudiated by the bank. That claim being established, the plaintiff seems entitled at least to one-half of the $300 actually received by the bank, with interest from the time when it was received, which was April 1, 1899.

There is no evidence as to what might have been collected if the plaintiff had been permitted to prosecute the suit on the judgment against Burton, except the testimony of Edward A. Sowles, which, in conclusion, is as follows:

"Q. What evidence had you upon which you based the statement to Mr. Baker that D. Noyes Burton had property, or would have property, with which to secure and collect payment of the judgment as above stated? A. It is based upon the declarations of his father, while living, to me, as to the condition of his property, and also the property of which I had knowledge of, willed to D. Noyes Burton under the terms of O. A. Burton's will, which by law would come to D. Noyes Burton by way of use of property belonging to the Burton estate, and what might remain of the residue of the estate after paying debts; I might say the income and profits of the Burton estate, which by the will came to him. Q. What has been the result as to the property, in whatever form it may have come to D. Noyes Burton, by which the judgment could have been collected—whether or not enough has come to him from his father's estate so that judgment could have been collected? A. From hearsay, and from knowledge of the situation of the property of O. A. Burton's estate which will come to D. Noyes Burton after satisfying all the debts of the estate, that judgment could now be fully satisfied, and leave a large amount of property to the estate besides."

The attachment doubtless created a lien upon any real estate that Burton might have in the towns named, or in the personal property mentioned, or any funds belonging to him in the hands of the trustees; but these general attachments would not hold any particular property unless Burton owned it. This testimony of Sowles does not show that he did own any particular property or credits which would be covered by such liens. What he states is merely his opinion, which is not evidence of any actual fact as to ownership by Burton. Without more, there is nothing for a basis of any finding that Burton actually owned

any property, or that anything could be collected of him on the judgment, if the suit had been prosecuted to judgment. Therefore the plaintiff has failed to prove, with any degree of certainty, that the bank could have collected any more than it did. The recovery of the plaintiff must therefore be limited to the one-half of the $300, with interest.

The plaintiff claims that her father, and through him she, should be subrogated to the rights of the bank against Burton, which might be true if either had paid the debt of the defendant and Burton to the bank; but, as neither has, the liability of the bank is not in any way enlarged by that consideration.

Decree for plaintiff for $150 and interest from April 1, 1899, to be set off against the notes, with costs.